**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JAMES FRANK PEARCE AND CYDNEY PEARCE**

**VERSUS**

**ZURICH AMERICAN INSURANCE COMPANY, MARYLAND CASUALTY COMPANY, AND CHARLES M. JUNG**

**CIVIL ACTION**

**No. 08-3724**

**SECTION I/2**

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment, filed on behalf of defendants, Charles M. Jung, Zurich American Insurance Company ("Zurich American"), and Maryland Casualty Company ("Maryland Casualty").[1] Plaintiffs, James Frank Pearce ("Pearce") and Cydney Pearce, oppose the motion.[2] For the following reasons the motion is **DENIED IN PART, GRANTED IN PART,** and **DISMISSED AS MOOT IN PART**.

### *BACKGROUND*

On May 15, 2007, defendant, Charles Jung, while driving a Ford F-150, rear-ended the vehicle being driven by lead plaintiff, James Frank Pearce. Pearce filed a lawsuit in Louisiana state court based on Louisiana law alleging that Jung drove negligently and seeking damages for, among other things, medical expenses, lost wages, and pain and suffering. Additionally, Pearce alleged that Jung was intoxicated at the time of the accident and that this intoxication was the cause in fact of the accident. Based on the intoxication allegations, Pearce sought exemplary

[1] R. Doc. No. 24.
[2] R. Doc. No. 25.

damages under Louisiana Civil Code article 2315.4.[3] The complaint also alleged that Maryland Casualty and Zurich American insured Jung at the time of the accident. On June 13, 2008, defendants removed the case to federal court based on the diversity of the parties.

***LAW AND ANALYSIS***

**I. STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)

[3] LA. CIV. CODE art. 2315.4 provides that "exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."

(citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. DISCUSSION

In their motion, defendants make six requests for relief: (1) dismissal of any claim for exemplary or punitive damages; (2) dismissal of damages allegedly related to colon surgery; (3) dismissal of damages for the alleged need for spinal surgery; (4) dismissal of damages for lost wages; (5) dismissal of Zurich American; and (6) the striking of plaintiffs' expert witnesses for failure to comply with Federal Rule 26. The Court addresses each of these in turn.

### *A. Dismissal of Exemplary Damages*

Defendants seek dismissal of plaintiffs' claim for exemplary damages under Louisiana Civil Code article 2315.4. During a status conference, held on July 24, 2009, plaintiffs' counsel informed the Court that plaintiffs intended to dismiss this claim.[4] Plaintiffs' memorandum in opposition repeats their intention to dismiss the exemplary damages claim.[5] Based on the consent of the parties, defendants' request to dismiss any claim for exemplary damages is **GRANTED**.

[4] R. Doc. No. 23.
[5] R. Doc. No. 25, p. 1.

*B. Dismissal of Claim for Damages Allegedly Related to Colon Surgery*

Pearce claims damages for colon surgery to correct chronic diverticulitis. He alleges that the ibuprofen he took as a result of the accident caused the diverticulitis. Defendants seek dismissal of this claim and argue that plaintiff has not provided sufficient evidence of a medical link between the ibuprofen and Pearce's surgery.[6]

Plaintiffs argue that "[d]efendants brought forth no evidence in need of rebuttal by plaintiffs to support its [sic] allegation that this medical condition is not causally related."[7] Where a party bears the burden of proof at trial, however, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Such a showing must be made by *admissible* evidence although it need not be presented to the Court in a form admissible at trial. ContiCommodity Services, Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

Plaintiffs have the burden at trial of proving that the accident caused Pearce to need colon surgery. See Maranto v. Goodyear Tire & Rubber Co., 650 So.2d 757, 759 (La. 1995); Hutchinson v. Shah, 648 So.2d 451 (La.App. 1st Cir. 1994) ("A plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence"). Further, under Louisiana law, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required." Id. at 452, citing Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La. 1993).

[6] Defendants also argue that any injury resulting from the taking of excessive dosages of ibuprofen while under the care of a doctor would constitute malpractice for which defendants would not be responsible. Because the Court finds that there is no genuine issue of material fact, it does not need to reach defendants' malpractice argument.
[7] R. Doc. No. 25, p. 2.

Plaintiffs have not pointed to any admissible evidence in the record that provides a link between the accident and the surgery. In fact, the only evidence which plaintiffs highlight are three lines of hearsay testimony within the deposition of Pearce stating that a doctor told him that "taking non-steroidal pain medication can cause bowel irritation."[8] Notwithstanding plaintiffs' assertion that they plan on calling several treating physicians to testify at trial, there is no issue of material fact based on the record currently before the court.[9] Accordingly, defendants' request to strike plaintiffs' claim for damages related to Pearce's colon surgery is **GRANTED**.

*C. Dismissal of Damages Claim for Alleged Future Spinal Surgery*

Plaintiffs also claim damages related to a possible need for future spinal surgery. In response to defendants' motion for summary judgment, plaintiffs concede that Pearce is not currently scheduled for spinal surgery.[10] As an exhibit to their response brief, plaintiffs attach a MRI imaging report that they claim reveals "significant abnormalities in [Pearce's] Lumbar and cervical spine."[11] Plaintiffs' also make the unsupported allegation that "[g]iven the severity of the findings, Mr. Pearce's condition may require spinal surgery in the future."

Plaintiffs cannot survive a motion for summary judgment merely by pointing to "'conclusory allegations,' 'unsubstantiated assertions,' or [] only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is not self-evident from the MRI Report provided by plaintiffs that Pearce will one day require spinal surgery. Nor

[8] R. Doc. No. 24-6, p. 11.

[9] Plaintiffs argue that it is inappropriate for defendants to refrain from taking depositions of plaintiffs' experts and then point to the absence of medical testimony in the record. This argument ignores plaintiffs' obligation to use affidavits or other admissible evidence to demonstrate a genuine issue of material fact. See Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."); see also International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263 (5th Cir. 1991) (holding the non-moving party may "tender[] affidavits, depositions, and other materials which provide evidentiary support for its claim.").

[10] R. Doc. No. 25, p. 2-3.

[11] R. Doc. No. 25-2.

would such a conclusion be of sufficiently common knowledge that the decision could be left to an unassisted lay jury. The only evidence plaintiffs produce in support of their allegation is the hearsay testimony of an unknown doctor who suggests that there "is no specific surgery in mind" but that Pearce might need a "disc trimming procedure."[12] Plaintiffs do not point to any admissible testimony or evidence in the record that creates a genuine issue of material fact that Pearce may one day need spinal surgery. Accordingly, defendants request to strike plaintiffs' claim for damages for an alleged future spinal surgery is **GRANTED.**

*D. Lost Wages*

Defendants seek to strike plaintiffs' claim for lost wages. In response, plaintiffs point to the deposition testimony of James Pearce. His testimony describes, in general terms, the nature of his business, his gross income in 2008, and the additional costs allegedly incurred as a result of the accident. Plaintiffs also produced to defendants an estimate of lost income. There exists a genuine issue of material fact with respect to plaintiffs' lost wages. Arguments concerning the accuracy of plaintiffs' estimate are more appropriate for trial. Defendants' request to strike plaintiffs' claim for lost wages is **DENIED**.

*E. Dismissal of Zurich American*

By the consent of the parties, and based on a stipulation that Maryland Casualty was the insurer, up to the $1,000,000.00 policy limit, of Mr. Jung on the night of the accident, all claims against Zurich American are **DISMISSED WITH PREJUDICE**.

[12] R. Doc. No. 24-6, p. 13.

*F. Striking of plaintiffs retained experts*

Defendants seek to strike plaintiffs' retained experts for failure to comply with Federal Rule of Civil Procedure 26(a)(2)(b).[13] Plaintiffs assert that they have no intention of calling any retained expert witnesses. Given that there appears to be no dispute between the parties, defendants' request is **DISMISSED AS MOOT**.

## III. CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS ORDERED** that defendants' motion for partial summary judgment is **DENIED IN PART**, **GRANTED IN PART**, and **DISMISSED AS MOOT IN PART**. It is **DENIED** insofar as defendants seek dismissal of plaintiffs' claim for lost wages. It is **GRANTED** insofar as defendants seek dismissal of plaintiffs' claims for exemplary damages, damages related to colon surgery, and damages related to spinal surgery. Defendants' motion to strike plaintiffs' retained experts is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that all claims by plaintiffs against defendant, Zurich American Insurance Company, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 10, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[13] Fed. R. Civ. P. 26(a)(2)(b) requires "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."